UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CATHRINE SILVER,                                                                    CASE NO.:

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CATHRINE SILVER ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, AMERICAN EXPRESS COMPANY ("AMEX" or "Defendant"), and alleges the following:

### JURISDICTION, VENUE, PARTIES AND JURY DEMAND

1. This is an action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which are within this Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S. C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant regularly conducts business in Broward County Florida, and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

3. Plaintiff, at all times material to this lawsuit, was and is a resident of Broward County, Florida and is otherwise *sui juris*.

4. Defendant SPS, is a national banking institution which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

5. Defendant, AMEX, is a Federal Savings Banking institution which does substantial and not isolated business in Broward County, Florida and/or otherwise within the jurisdiction of the Southern District of Florida.

6. Defendant is subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes §48.193, in that they conduct substantial and not isolated business within the Southern District of Florida and otherwise have sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting them to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

7. **JURY DEMAND:** Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

8. Plaintiff has retained the undersigned law firm as his attorney in this action and is obligated to pay reasonable attorneys' fees and all costs incurred in this action.

## GENERAL ALLEGATIONS

9. Plaintiff incurred a debt or obligation to pay money arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Specifically, Plaintiff incurred the debt in the purchase of personal.

10. At all times material hereto, Defendant had actual and/or constructive knowledge that Plaintiff was represented by legal counsel with respect to the relevant debt herein.

11. On or about January 21, 2019, Plaintiff's American Express account was charged the amount of $30,000.00 for an alleged deposit on purchase of windows by Florida Windows & Doors.

12. Upon discovering this charge, Plaintiff immediately disputed the same with Defendant AMEX.

13. On or about March 1, 2019, Plaintiff received a letter from Defendant AMEX indicating that it would not be reversing the $30,000.00 deposit charge.

14. On or about April 16, 2019 retained undersigned and faxed to AMEX a Claim Notice and Third-Party Authorization advising Defendant Plaintiff had retained undersigned and that all notices and communications regarding the subject purported obligation be sent to Plaintiff's counsel. *See* attached correspondence appended hereto as Exhibit "A".

15. On or about May 1, 2019, Defendant emailed undersigned acknowledging undersigned's representation of Plaintiff. *See* attached email appended hereto as Exhibit "B".

16. Subsequently, Defendant and Plaintiff through Plaintiff's counsel commenced settlement negotiations via email correspondence, telephonic communications and regular mail correspondence regarding the purported debt obligation up to and through December 2019 to no avail.

17. Notwithstanding Defendant having actual knowledge of Plaintiff's representation by counsel, Defendant continuously attempted to collect upon its purported debt obligation directly with Plaintiff. Specifically, on October 25, 2019, October 28, 2019, November 18, 2019, November 19, 2019, November 21, 2019, November 25, 2019, November 27, 2019, December 5, 2019, December 6, 2019, December 12, 2019 and December 13, 2019, Defendant called and left

messages on Plaintiff's mobile telephone. *See* attached screenshots appended hereto as Exhibit "C".

18. Better still, on October 23, 2019, Defendant attempted to collect upon its purported debt obligation by contacting a third-party friend of Plaintiff via telephonic communication, leaving a message on said third party's voicemail.

19. Notwithstanding the numerous attempts to contact Plaintiff directly on her mobile telephone, on January 20, 2020, Defendant also emailed undersigned's office acknowledging that undersigned represented Plaintiff regarding the purported debt obligation. *See* attached email appended hereto as Exhibit "D".

20. At all times mentioned hereinabove in all communications directly with Plaintiff and even a third party, Defendant knew Plaintiff was represented by counsel.

21. Plaintiff has been the subject of collection activity. The specific activity consists of telephonic communications directly to Plaintiff by Defendant.

22. In this case, Defendant clearly knew Plaintiff was represented by counsel with respect to the debt. Notwithstanding, Defendant continuously and intentionally continued to circumvent Plaintiff's counsel and attempted to communicate with Plaintiff directly through telephonic communication.

23. Defendant's collection activity not only violated federal law by contacting a debtor known to be represented by counsel, but it also began to drive a wedge in that representation. Specifically, after attempts by Defendant to communicate with Plaintiff, she contacted undersigned's office inquiring if it was, in fact, doing its job and representing her.

24. The Plaintiff has clearly been the object of collection activity. The specific activity consisted of communications directed to the Plaintiff on her telephone by Defendant while Plaintiff

was represented by counsel and Defendant knew Plaintiff was and continues to be represented by counsel.

25. Defendant AMEX's, principal business is the lending of funds and the collection of debt or is an entity who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. Defendant is a "debt collector" as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p., and Florida Statute §559.55(7).

**COUNT I**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA) AGAINST AMERICAN EXPRESS COMPANY**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

27. This is an action against Defendant AMEX for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq. ("FCCPA").

28. Defendant AMEX, upon information and belief, is a debt collector within the meaning of the FCCPA, because it is the holder of the debt obligation, who regularly collects or attempts to collect debts owed or due or asserted to be owed or due purportedly owed.

29. The correspondence which is the subject of this action and that will be obtained through discovery, comprises communication within the meaning of § 559.55(2), because it conveys information to Plaintiff regarding the purported debt obligation.

30. By way of the correspondence that will be obtained during discovery and the telephonic communications as described in Exhibit "C", Defendant violated the following provisions of the FCCPA:

> §559.72(18)'s prohibition against communicating with Plaintiff when Defendant knew, or should have known, that the Plaintiff is represented by an attorney with

respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

31. The actions of the Defendant as alleged herein were accomplished with such intentional misconduct and/or gross negligence as to warrant an award of punitive damages to the maximum extent permitted by law based on the level of intent and knowledge of the Defendant.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant AMEX, for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")
## 47 U.S.C. § 227

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff.

35. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior

express consent to call the cell phones of Plaintiff when its calls were made.

36. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and other third-party persons without her prior express written consent.

37. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

38. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

a. An injunction prohibiting Defendant from using an automatic telephone dialing system to text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

## COUNT III
## KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACTION ("TCPA"), 47 U.S.C. § 227

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

40. At all times relevant, Defendant knew or should have known that its conduct as alleged

herein violated the TCPA.

41. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

42. Because Defendant knew or should have known that Plaintiff had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

43. As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by Jury on all issues so triable.

Dated this 26th of February 2020.

    Respectfully submitted,

    **FARROW LAW, P.A.**
    Attorneys for Plaintiff
    4801 S. University Drive, Suite 132
    Davie, Florida 33328
    Telephone:   (954) 252-9818
    Facsimile:    (954) 252-9821
    jay@farrowlawfirm.com
    meera@farrowlawfirm.com

    BY: ***/s/Jay Lewis Farrow***
        JAY LEWIS FARROW, ESQ.
        Florida Bar Number: 625213
        MEERA K. KOODIE, ESQ.
        Florida Bar Number: 1020242